IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC STANTON BLACK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 13-6522 |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | |

## MEMORANDUM OPINION

Savage, J.                                                                                         November 2, 2015

    The issue presented in this Social Security case is whether the total award of attorneys' fees to the attorney who represented the claimant at the administrative level and to another attorney who represented him on judicial review may exceed 25 percent of the claimant's past-due benefits. It is an issue that has divided the circuit courts of appeals, and one the Third Circuit has yet to decide.

    Counsel who successfully represented the plaintiff on judicial review has moved for approval of $18,631.25 in attorney's fees under § 406(b) of the Social Security Act ("Act"). When combined with the $12,687.50 that counsel who had represented the claimant before the agency has requested under § 406(a), the total requested attorney's fees exceeds 25 percent of the claimant's past-due benefits by $6,941.65. We conclude that the 25 percent cap applies only to fees awarded under § 406(b) and does not apply to the aggregate amount of attorney's fees awarded under both §§ 406(a) and (b).

**Background and Procedural History**

F. Michael Friedman was appointed to represent Eric Black in his first appeal from a denial of benefits on July 21, 2010.[1]  On December 13, 2010, as a result of Friedman's efforts, Judge Reed of this court remanded the case.  On remand before the Social Security Administration, Black was represented by another attorney, Walter Walkenhorst.[2]  On November 2, 2013, after Black's claim was again denied by the Appeals Council, Friedman replaced Walkenhorst as Black's counsel before the district court.[3]

On November 13, 2013, Black filed a complaint appealing the final decision of the Social Security Appeals Council denying his claim for disability benefits.[4]  After discovering that certain exhibits were missing from the administrative record, Friedman convinced counsel for the Commissioner to file an uncontested motion for voluntary remand pursuant to 42 U.S.C. § 405(g).[5]  The Commissioner's uncontested motion for remand was granted because the ALJ had failed to consolidate Black's 2007, 2009 and 2010 claims.[6]

On remand, the ALJ issued a favorable decision, awarding Black past-due benefits of $97,508.50.  The Social Security Administration withheld a total of

---

[1] Mot. by Pl.'s Counsel for Approval of Counsel Fees Under Section 406(b) of the Social Security Act ("Mot. For SSA Fees") ¶ 1 (Doc. No. 20).

[2] Mot. for EAJA Att'y Fees, Decl. of F. Michael Friedman, Esq. (Doc. No. 16) ¶ 3.

[3] *Id.* ¶¶ 4, 12 & ex. 2 (Fee Agreement).

[4] Compl. ¶¶ 1-2 (Doc. No. 3).

[5] Mot. for EAJA Att'y Fees ¶¶ 6-9.

[6] Order (Doc. No. 14).

$24,377.10 from the past-due benefits for counsel fees.[7]

Friedman filed a motion for attorney's fees under § 406(b) of the Social Security Act.[8] In his motion, Friedman seeks approval of $18,631.25 in fees under § 406(b), of which $7450.00 that Friedman was already paid as EAJA fees will be refunded to Black.[9] Walkenhorst filed a petition with the ALJ for fees totaling $12,687.50 under § 406(a) of the Social Security Act.[10] On March 25, 2015, the ALJ authorized Walkenhorst's full fee.[11] Black's past-due benefits total $97,508.50. Hence, the combined total of the attorneys' fees requested is about 32 percent of the past-due benefits.[12]

The Commissioner contends that Friedman's request must be reduced by $6,941.65 to keep the total attorneys' fees under the 25 percent cap on the past-due benefits. Conversely, Friedman maintains that the Social Security Act's limit of 25 percent applies only to fees for work done on judicial review and does not limit the total amount of fees that may be awarded under the statute for successfully representing a claimant at both the administrative and judicial levels.

---

[7] Notice of Award (Doc. No. 20-1) (Exh. E. to Motion for SSA Fees).

[8] Mot. for SSA Fees ¶ 1 (Doc. No. 20).

[9] *Id.* ¶ 14. Friedman was awarded a total of $7,450.00 in fees under the Equal Access to Justice Act: $5,750.00 on January 20, 2011; and $1,700.00 on August 20, 2014. These awards were made after the two successful remand efforts.

[10] *Id.* ¶ 15.

[11] Def.'s Resp. to Mot. for SSA Fees at 1 (Doc. No. 27).

[12] Ironically, if Friedman is awarded the $18,631.25 requested, the aggregate attorney's fees paid from past-due benefits will not exceed 25 percent. Friedman would have to refund to the plaintiff the $7450.00 he received as EAJA fees, reducing the combined total attorney's fees to $23,868.75. *See* Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186.

**Attorney's Fees Scheme**

An attorney for a successful claimant may be awarded attorney's fees under either the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(D)(2)(A), or the Social Security Act ("SSA"), 42 U.S.C. § 406.  A fee award under the EAJA is paid by the government.  An award under the SSA is paid from the claimant's past-due benefits.  Consequently, any amount awarded under the EAJA reduces the amount of attorney's fees that may be deducted from the claimant's past-due benefits under the Social Security Act.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186).

Under this scheme, it is obviously beneficial to the claimant when his or her attorney seeks and is paid fees under the EAJA.  However, an award under the EAJA is not always an option.  Proceeding under the EAJA, the prevailing claimant can collect an attorney's fees award only if the Commissioner is unable to prove that his position was "substantially justified."  28 U.S.C. § 2412(d)(1)(A); *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004) (citations omitted).  Under the SSA, the claimant need only have received a favorable result, which includes a remand, to trigger an award of attorney's fees.  42 U.S.C. § 406.  In other words, under the Social Security Act, the attorney need not demonstrate that the Commissioner's position was unjustified.

Fees under the EAJA are determined by the lodestar method, multiplying the total number of hours reasonably expended by the attorney's hourly rate, not to exceed $125 per hour.  28 U.S.C. § 2412(d)(2)(A). Under the SSA, the attorney may be awarded up to 25 percent of the claimant's past-due benefits pursuant to a contingent

4

fee agreement, provided the fee is reasonable under the circumstances.  *Gisbrecht*, 535 U.S. at 799, 804-05, 807.

Section 406(a) obligates the Commissioner to fix the attorney's fee for services performed at the administrative level.  Under § 406(b), the court determines the fee for work done at the judicial level.

Section 406(a)(1) provides that where the claimant prevailed at the administrative level, the Secretary may award a reasonable fee.  It reads:

> [W]henever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a)(1).

Section 406(b)(1) provides for fees for work done in a judicial proceeding.  It provides that a court may award a prevailing claimant's attorney *a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant*.  It states:

> Whenever a court renders a judgment favorable to the claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1).

The issue presented in this case is whether the 25 percent cap on attorney's fees in § 406(b)(1) applies to the total amount of fees awarded under §§ 406(a) and (b) for services performed at both the administrative and the judicial levels of review.  Stated

differently, can the aggregate amount of attorney's fees awarded for work done at both levels exceed 25 percent of the claimant's past-due benefits?

The circuit courts of appeals are split on the issue. The Sixth, Ninth and Tenth Circuits have held that the 25 percent cap applies only to fees awarded under the judicial review provision of § 406(b) and not to fees awarded by the Commissioner under § 406(a) for work performed at the administrative level. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994); *Clark v. Astrue*, 529 F.3d 1211, 1214-15 (9th Cir. 2008); *Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008). The Fourth and Fifth Circuits apply the 25 percent limit to the aggregate total fees awarded under both §§ 406(a) and (b). *Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497-98 (4th Cir. 1982); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Although the Third Circuit has not specifically held either way, it has cited approvingly, in passing, the holdings of the Fourth and Fifth Circuits. *Guido v. Schweiker*, 775 F.2d 107 (3d Cir. 1985). In *Guido*, it wrote that "[t]he total amount awarded by both the court and the Secretary may not exceed 25 percent of the claimant's recovery of past due benefits." 775 F.2d at 108 (citing 42 U.S.C. § 406; *Morris*, 689 F.2d at 497 (4th Cir. 1982); *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir. 1972); *Dawson*, 425 F.2d at 1195 (5th Cir. 1970)).[13]

---

[13] Relying on the Third Circuit's language in *Guido*, five district courts in this circuit regarded the SSA fee cap as a limit on the total amount of attorney's fees the court and the agency may award. *See Rosser v. Chater*, No. Civ. A. 94-5620, 1999 WL 144106, at *1 (E.D. Pa. Mar. 15, 1999) (stating that "[t]he total amount awarded by both the court and the SSA may not exceed the twenty-five percent cap"); *Bollenbacher v. Sec'y of Health & Human Servs.*, 737 F. Supp. 874, 876 (W.D. Pa. 1990) (same); *Griffin v. Bowen*, No. CIV.A. 85-3451, 1989 WL 71231, at *1 (E.D. Pa. June 22, 1989) (same); *Poole v. Bowen*, 689 F. Supp. 500, 502 (E.D. Pa. 1988) (same); *Jackson v. Sec'y of Dep't of Health and Human Servs.*, Civ. A. No. 85-5180, 1989 WL 83493, at *4 (E.D. Pa. July 21, 1989) (finding that counsel would be entitled to an award of fees under § 406(b) for the remaining amount of the 25 percent of past-due

The majority view is that the cap applies only to fees awarded under § 406(b). Courts in the majority, relying on statutory rules of construction, have concluded that the language of § 406 is clear and unambiguous. *See Horenstein*, 35 F.3d 261; *Clark*, 529 F.3d 211; *Wrenn*, 525 F.3d 931. Consequently, they ended the interpretive inquiry and found no need to resort to legislative history to discern Congressional intent.

Courts subscribing to the minority view that the cap applies to the aggregate amount of fees awarded under both § 406(a) and § 406(b) reason that their interpretation reflects Congressional intent to limit excessive attorney's fees. Without first finding any ambiguity in the statutory language, they looked to the legislative history of the 1965 amendments. Referring to this legislative history, the courts of the minority view read the 25 percent limitation in § 406(b) into fees awarded under both §§ 406(a) and (b). They emphasize that when it amended § 406, Congress intended to protect claimants from "inordinately large" attorney's fees and to "establish a ceiling . . .". *Morris*, 689 F.2d at 497. Thus, they conclude that an aggregate cap was contemplated by Congress to accomplish its goal of limiting fees.

Here, the Commissioner relies upon *Guido* to support its argument. The discussion in that case does appear to have signaled that the aggregate rule would be applied. The court mentioned, in passing, that the aggregate amount of fees awarded by the Commissioner and the court may not exceed 25 percent of past-due benefits. However, it did not so hold.

---

benefits withheld by the Administration after fees were paid for work at the agency level, but not more). Except for *Rosser*, which was written in 1999, these cases all predate those circuit court decisions that now comprise the majority view.

The Third Circuit cited the Fourth, Fifth and Sixth Circuits, the only circuits that had ruled on the issue at that time. *Guido*, 775 F.2d at 108. They now represent the minority view. Since *Guido*, the Sixth Circuit has reversed its position, *see Horenstein*, 35 F.3d 261; and, other circuits have held that the cap applies only to judicial awards of attorney's fees under § 406(b). *See Clark*, 529 F.3d 1211; *Wrenn*, 525 F.3d 931.

*Guido* held only that a court did not have the authority to approve fees for services performed at the administrative level. It made clear that a court could only award fees for work done at the judicial level and the Secretary had the exclusive right to fix fees for work performed at the administrative level. *Guido*, 775 F.2d at 107, 110. It did not hold that the total amount of attorney's fees awarded under both sections 406(a) and (b) are capped at 25 percent of past-due benefits.

If a determination made by the court is not necessary to its ultimate holding, it is *dictum*. *In re Friedman's, Inc.*, 738 F.3d 547, 552 (3d Cir. 2013); *Calhoun v. Yamaha Motor Corp., U.S.A.*, 216 F.3d 338, 343 n.9 (3d Cir. 2000). Similarly, statements that do not form the basis of the court's holding do not constitute binding precedent. *United States v. Warren*, 338 F.3d 258, 265 (3d Cir. 2003). Lower courts are not bound by *dicta*. *Id*. Hence, the passing reference to the aggregate cap in *Guido* does not bind district courts in this circuit. *See, e.g., Am. Civil Liberties Union of New Jersey, ex rel. Lander v. Schundler*, 168 F.3d 92, 98 n.6 (3d Cir. 1999).

Having concluded that the Third Circuit has not yet decided the issue, we must determine which view, the majority or the minority, is more persuasive. In doing so, we apply rules of statutory construction.

We look to the statute's language to determine its plain meaning. *Arlington Cent.*

*Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296-97 (2006); *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (citation omitted). When the statutory language is unambiguous, the judicial inquiry is complete and there is no need to consult the legislative history. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Courts must presume that the "legislature says in a statute what it means and means in a statute what it says there." *Arlington Cent. Sch. Dist. Bd.*, 548 U.S. at 296 (quoting *Connecticut Nat'l Bank*, 503 U.S. at 253-54).

Here, the language is unambiguous. The 25 percent limit appears only in § 406(b) and clearly references the fee that a court may fix. It does not appear in § 406(a). Nowhere in the statute is there a requirement that the court must take into consideration the fees fixed by the Commissioner. Congress could have, but did not, provide that fees awarded in § 406(a) and § 406(b) are limited to 25 percent of past-due benefits.

The linguistic analysis employed by the *Guido* court actually supports the majority view that the 25 percent limit applies only to awards under § 406(b). Later in its opinion, the *Guido* court explained that "the statute limits the court's authority to award counsel fees." *Guido*, 775 F.2d at 109. It seized upon this language appearing in § 406(b) only to add support to its reasoning that the court cannot award fees for work performed on the administrative level. Referring to the statutory structure of the provision, it reasoned that "the appearance of the phrase 'represented before the court' in the clause immediately preceding the reference to the allowance of a reasonable fee for 'such representation,' supports the conclusion that the court's authority does not extend to agency proceedings." *Id.* In essence, it segregated the language in § 406(b)

9

from the language in § 406(a), treating them as independent of each other.

The same logic leads to the conclusion that the "25 percent" language appearing in § 406(b) applies only to fee awards for court representation. The phrase "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such *judgment*" is in the same sentence that authorizes the court to determine a reasonable fee for representation before the court. This language modifies the immediately preceding phrase, not the entire section. It must be read as limiting the fee authorized for representation before the court.

As the *Guido* court pointed out, § 406(b) explicitly applies the cap to benefits resulting from a "judgment." *Id.* at 108. A judgment can be rendered only by a court. The Commissioner does not issue a judgment. She may only issue a decision. A fee under § 406(a) is not awarded from past-due benefits arising from a "judgment." It relates to a favorable determination made by the Commissioner. Thus, the clear language and its placement in § 406(b) demonstrates that the cap applies only to attorney's fees awarded by the court under § 406(b) and not to the aggregate of fees awarded under both § 406(a) and § 406(b).

Applying the cap to fees awarded under § 406(b) only and not to the aggregate will not frustrate the twin Congressional goals of encouraging representation of claimants and checking excessive attorney's fees. On the contrary, both goals will be achieved.

Applying the 25 percent cap to aggregate fees would defeat the congressional intent to encourage counsel to represent Social Security claimants. For example, an attorney may be asked to take over representing a claimant who was previously

10

represented by another attorney who secured a remand. The new attorney may be reluctant to take on the client because the attorney who first represented the claimant may have exhausted most or all of the 25 percent of past-due benefits that may be available for attorney's fees.

At the same time, there remains protection against inordinately high fees. An attorney is not assured he will get 25 percent even though he has an agreement providing so. The court must still scrutinize the reasonableness of the fee. *Gisbrecht*, 535 U.S. at 799, 804-05, 807. Twenty-five percent may be unreasonable, considering the amount of work done in proportion to the amount of past-due benefits.

Here, the fees sought are not excessive under the circumstances. Not only were the past-due benefits the result of counsel's skillful efforts, so are the future benefits. Considering the result and counsel's persistence in pursuing his client's cause, the requested amount is not unreasonable, even though together with the fee awarded other counsel, is greater than 25 percent. Additionally, once counsel refunds the amount he was paid in fees under the EAJA, the total fees actually paid by the claimant to both attorneys will not exceed 25 percent of his past-due benefits.

## Conclusion

The clear language of the attorney's fees provision in § 406(b) cannot be read to fix an aggregate 25 percent cap on attorney's fees under both §§ 406(a) and 406(b). We conclude that there is no limit, other than reasonableness, on the total fees payable for work performed on the administrative and the judicial level resulting in a favorable award to the claimant. Therefore, we shall grant the motion and award fees in the amount of $18,631.25.